UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00487-GNS

JOSEPH HICKS                                                                                            PLAINTIFF

v.

WELLS FARGO BANK, N.A. et al.                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (DN 5), Defendant U.S. Bank, N.A.'s Motion to Dismiss (DN 11), Plaintiff's Motion to Amend (DN 12), Plaintiff's Motion to Admit (DN 14), Plaintiff's Motion to File a Reply (DN 23), and Plaintiff's Motion to Withdraw (DN 25).  The motions are ripe for adjudication.

**I.      BACKGROUND**

Plaintiff Joseph Hicks ("Hicks") maintained a Mastercard account with Defendant U.S. Bank, N.A. ("U.S. Bank"). (Compl. 1, DN 1-2).  Hicks fell victim to a scam involving a transfer of funds into his account from the scammer's bank account with Defendant Wells Fargo Bank, N.A. ("Wells Fargo").[1]  (*See* Compl. Ex. I (PageID # 28), DN 1-2).  Hicks was asked to purchase certain merchandise and then send it to the scammer. (*See* Compl. Ex. I (PageID # 28)). Afterwards, the transfer of funds was reversed, leaving Hicks with the unpaid charges for the merchandise on his credit card. (*See* Compl. Ex. I (PageID # 28)).  Hicks contacted U.S. Bank

---

[1] These facts were ascertained from the exhibits to the Complaint, which are mostly Hicks' correspondence with Defendants.  While typically on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must not consider matters outside the Complaint, "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein . . . ." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citing *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)).

1

and Wells Fargo (jointly the "Bank Defendants") in an effort to stop the transfer reversal, but they did not assist him. (*See* Compl. 1). Defendant Experian Information Solutions, Inc. ("Experian") reported the charge on Hicks' credit report and also falsely asserted that Hicks owed $2,583.00 on another credit card account. (Compl. 1). Hicks initiated this action, *pro se*, in Jefferson Circuit Court (Kentucky) and Wells Fargo removed it to this Court. (*See* Notice of Removal, DN 1). Hicks asserts claims against: (1) Wells Fargo for fraud and for violations of the Electronic Fund Transfer Act ("EFTA"), 18 U.S.C. § 1343 and 1028, and KRS 516.020; (2) U.S. Bank for fraud, defamation, and for violations of 18 U.S.C. 1028, 12 C.F.R. § 1026.12(b)(ii), and 12 C.F.R. § 1026.12(c)(2); and (3) Experian for fraud, defamation, and for violations of KRS 517.030, KRS 516.020, 12 C.F.R. § 1028, 12 C.F.R. § 1022.127(a)(e)(ii), 12 C.F.R. § 1022.123(b)(2), and the Fair Credit Reporting Act ("FCRA"). (Compl. 1).

## II.     JURISDICTION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because a federal question is presented. The Court has supplemental subject matter jurisdiction over Plaintiff's state law claims arising from the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## IV.     DISCUSSION

### A.     Hicks' Unopposed Motions (DN 12, 14, 25)

Hicks has filed three motions each seeking to alter or offer citations in support of claims in the Complaint: (1) a Motion to Amend Case with Additional Claim and Exhibits Against Experian; (2) a Motion to Admit Case Citations in Support of Claims for Damages Under FCRA and Defamation Law; and (3) a Motion to Withdraw FCRA Claims Against USBank, Remedy the 'Unclean Hands' Remarks by Experian, and Cite KRS 413.140(1)(d) and KRS 413.140(2) on

Defamation and EFTA. (Pl.'s Mot. Amend, DN 12; Pl.'s Mot. Admit, DN 14; Pl.'s Mot. Withdraw, DN 25). No opposition has been filed to any of the motions.

### 1. *Motion to Amend (DN 12)*

Hicks' first motion seeks leave to add a claim against Experion and attach certain exhibits to the Complaint. (*See* Pl.'s Mot. Amend 1). Experian does not oppose the motion, nor did the other Defendants respond. (*See* Experian's Notice of Consent, DN 22). Accordingly, this motion is granted.

### 2. *Motion to Admit (DN 14)*

Hicks' Motion to Admit does not appear to request any relief and contains only argument and legal authority in support of Hicks' claims against Defendants. (*See* Pl.'s Mot. Admit 1). A motion must state the relief the movant is seeking. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion. The motion must: . . . (C) state the relief sought."). Because this "motion" does not seek any relief, it is denied as moot.

### 3. *Motion to Withdraw (DN 25)*

Hicks' next motion seeks to amend the Complaint to remove the claim for violations of the FCRA against U.S. Bank and offers additional citations and argument to oppose Defendants' motions. (*See* Pl.'s Mot. Withdraw 1-3). To the extent Hicks moves to amend the Complaint to dismiss his FCRA claim against U.S. Bank, the motion is granted.

The remainder of the motion is essentially an unauthorized sur-reply further contesting Defendants' motions and will therefore not be considered. (*See* Pl.'s Mot. Withdraw 1-3); *Cousins Smokehouse, LLC v. Louisville Processing & Cold Storage, Inc.*, 588 F. Supp. 3d 753, 763 (W.D. Ky. 2022) ("Generally speaking, sur-replies are 'highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." (quoting

*Disselkamp v. Norton Healthcare, Inc.*, No. 3:18-CV-00048-GNS, 2019 WL 3536038, at *14 (W.D. Ky. Aug. 2, 2019)))

      **B.**    <u>**Wells Fargo and U.S. Bank's Motions to Dismiss (DN 5, 11)**</u>

Wells Fargo and U.S. Bank filed separate motions to dismiss. Due to the substantial overlap between their arguments, the Court will address them jointly.[2]

      **1.**    *Standard of Review*

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[]," accepting all of the plaintiff's allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, a plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). A complaint falls short if it pleads facts that are merely "consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." *Id.* at 678-79 (citations omitted). The allegations must "'show[] [] that the pleader is entitled to relief.'" *Id.* at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2] Hicks moves for leave to file a brief sur-reply to Wells Fargo's motion to dismiss. (Pl.'s Mot. Enter Br. Reply Wells Fargo's Reply, DN 23). Wells Fargo did not respond. Because Hicks' proposed sur-reply is limited to issues raised in Wells Fargo's reply that were not raised in the original motion, the motion is granted. *See Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)).

### 2. *Fraud*

Hicks asserts a claim against each Bank Defendant for fraud. (Compl. 1). The Kentucky Supreme Court has explained that:

> In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury.

*United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) (citing *Wahba v. Don Corlett Motors, Inc.*, 573 S.W.2d 357, 359 (Ky. App. 1978)).

Fed. R. Civ. P. 9(b) creates a heightened pleading standard for fraud requiring that a party "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, a plaintiff must "specify the 'who, what, when, where, and how' of the alleged fraud." *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-H, 2013 WL 4048541, at *2 (W.D. Ky. Aug. 9, 2013) (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006)).

The Complaint is devoid of any specific information with respect to the particular fraudulent conduct of the Bank Defendants. Instead, Hicks asserts that the Bank Defendants were aware that Hicks had been a victim of fraud perpetrated by a third party and failed to take remedial measures. (*See* Compl. 2). Accordingly, Hicks has failed to allege a claim for fraud against either Bank Defendant.[3]

---

[3] Although not asserted directly in the Complaint, Wells Fargo addresses Hicks' fraud claim under a theory that Wells Fargo aided and abetted fraud. (Wells Fargo's Reply Mot. Dismiss 3, DN 17). To establish a claim for aiding and abetting fraud, a plaintiff must show that the defendant "gave 'substantial assistance or encouragement' to the person who committed fraud and that the defendant knew of the wrongful conduct." *Great Am. Ins. Co. v. Poynter*, No. 1:10-CV-00161-JHM, 2013 WL 1181445, at *4 (W.D. Ky. Mar. 20, 2013) (quoting *Miles Farm Supply, LLC v. Helena Chem. Co.*, 595 F.3d 663, 666 (6th Cir. 2010)). Hicks only alleges that

5

### 3.  *Criminal Claims*

Hicks asserts claims against Wells Fargo under 18 U.S.C. § 1343, 18 U.S.C. § 1028, and KRS 516.020 and against U.S. Bank under 18 U.S.C. § 1028. (Compl. 1). Bank Defendants assert that these claims must be dismissed because Hicks lacks the authority to initiate a criminal prosecution. (Wells Fargo's Mot. Dismiss 6-7, DN 5; U.S. Bank's Mem. Supp. Mot. Dismiss 10, DN 11-1 [hereinafter U.S. Bank's Mem.]). Hicks does not respond to these arguments. (*See* Pl.'s Resp. Wells Fargo's Mot. Dismiss, DN 15; Pl.'s Resp. U.S. Bank's Mot. Dismiss, DN 16). Accordingly, Hicks' opposition to this argument is deemed waived and the Bank Defendants' motions are granted as to Hicks' criminal claims.[4] *See Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." (citation omitted)); *Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 759-60 (E.D. Ky. 2019) ("As a practical matter, 'it is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'" (alteration in original) (quoting *Rouse v. Caruso*, No. 06-CV-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011))).

---

the Bank Defendants failed to intervene once Hicks realized he had become the victim of fraud, without any allegation that either Bank Defendant rendered substantial assistance or encouragement to the fraudsters. (*See* Compl. 1-5). Accordingly, the claim for fraud fails under this theory as well.

[4] Any response by Hicks would be unavailing since private citizens clearly have no authority to initiate criminal proceedings. Such authority is vested exclusively with the U.S. Attorney, and a county attorney or Commonwealth's attorney under Kentucky law. *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (citations omitted); *Commonwealth v. Terrell*, 464 S.W.3d 495, 499 (Ky. 2015); KRS 15.725.

### 4. *Violations of 12 C.F.R. § 1026.12*[5]

Bank Defendants move to dismiss Hicks' claims for violation of the Truth in Lending Act as interpreted by Regulation Z, 12 C.F.R. §§ 1026.12(b)(ii) and 1026.12(c)(2).[6] (Wells Fargo's Mot. Dismiss 9-10; U.S. Bank's Mem. 10-11).

The Truth in Lending Act has a one-year statute of limitations. 15 U.S.C. § 1640; *see, e.g.*, *Lester v. Wow Car Co., Ltd.*, 675 F. App'x 588, 589 (6th Cir. 2017). Hicks alleges that the conduct underlying the Complaint occurred in May 2019. (Compl. 1). The documents attached to the Complaint show that he was aware of the alleged conduct and was in communication with Wells Fargo no later than May 31, 2019, and with U.S. Bank by November 2019. (Compl. Ex. B (PageID # 18), DN 1-2; Compl. Ex. C (PageID # 19), DN 1-2). This action filed in September 2023 was far beyond the one-year limitations period. Accordingly, Hicks' claims under Regulation Z are time-barred.

### 5. *Defamation*

Hicks alleges that U.S. Bank defamed him by reporting the charges on his Mastercard account to credit reporting agencies. (*See* Compl. 1, 4). Bank Defendants both argue,[7] *inter alia*, that Hicks' defamation claim is time-barred by Kentucky's one year limitations period for defamation claims. (Wells Fargo's Mot. Dismiss 10-11; U.S. Bank's Mem. 11-13); *see Lee v. Stanley*, No. 2015-CA-001264-MR, 2017 WL 465319, at *4 (Ky. App. Feb. 3, 2017). Hicks

---

[5] U.S. Bank also addresses Hicks' claims for violation of 12 C.F.R. §§ 1022.127(a)(e)(ii) and 1022.123(b)(2). (U.S. Bank's Mot. Dismiss 13-14). The Complaint only contains violations for these Sections against Experian. (*See* Compl. 1). Accordingly, there is no need to address these arguments.

[6] As Wells Fargo points out, it is not clear from the Complaint that Hicks has actually alleged a claim against Wells Fargo for violation of Regulation Z. (*See* Compl. 1; Wells Fargo's Mot. Dismiss 9). Because both Wells Fargo and Hicks brief the claim, however, the Court will address the claim with respect to both Bank Defendants.

[7] The Complaint does not appear to contain a claim for defamation against Wells Fargo, however, to the extent it does, this section is applicable to that claim as well.

responds that the limitations period should be tolled under the discovery rule because he only discovered the harm on October 5, 2022. (Pl.'s Resp. U.S. Bank's Mot. Dismiss 2).

Under Kentucky law, "The discovery rule is a means by which to identify when a cause of action accrues and the statute begins to run on the date of the discovery of the injury, or from the date it should, in the exercise of ordinary care and diligence, have been discovered." *Lake Cumberland Reg'l Hosp., LLC v. Adams*, 536 S.W.3d 683, 692 (Ky. 2017) (citing *Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000)). The Kentucky General Assembly has not extended the discovery rule to claims for defamation. *Wigginton v. Scanlon*, Nos. 2005-CA-002161-MR, 2005-CA-002457-MR, 2007 WL 707566, at *4 (Ky. App. 2007) (declining to extend the discovery rule to defamation claims "because the General Assembly has shown itself capable of providing for the discovery rule when that is its intention."); *see also* KRS 413.140 (2), (3), (5), and (6) (codifying the discovery rule for certain types of claims but not defamation).

The Complaint is clear that the conduct underlying this action occurred in 2019. (*See* Compl. 1). Further, U.S. Bank informed Hicks via letter dated April 7, 2020, that it would not change its report to consumer reporting agencies. (Compl. Ex. D (PageID # 20), DN 1-2). Accordingly, Hicks' defamation claim against the U.S. Bank is time-barred.

    **6.**  *Electronic Funds Transfer Act*

Although not addressed in his actual statement of claims, Hicks references the Electronic Funds Transfer Act ("EFTA") various times throughout the Complaint and his briefing. (*See, e.g.*, Compl 4; Pl.'s Resp. U.S. Bank's Mot. Dismiss 3). EFTA also has a one-year statute of limitations. 15 U.S.C. § 1693m(g). The Complaint states that the events underlying the Complaint took place in May 2019. (Compl. 1). Hicks asserts in his response that he did not discover the harm until October 2022. (Pl.'s Resp. Wells Fargo's Mot. Dismiss 1). The exhibits

8

to the Complaint make clear, however, that Hicks was in communication with the Bank Defendants about this matter since as early as May 2019. (Compl. Ex. B (PageID # 18); Compl. Ex. C (PageID # 19)). Accordingly, to the extent Hicks is asserting claims under EFTA against the Bank Defendants, those claims are dismissed.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Amend (DN 12) is **GRANTED**.

2. Plaintiff's Motion to Admit (DN 14) is **DENIED AS MOOT**.

3. Plaintiff's Motion to Withdraw (DN 25) is **GRANTED IN PART**.

4. Plaintiff's Motion for Leave to File a Sur-Reply (DN 23) is **GRANTED**.

5. Wells Fargo's Motion to Dismiss (DN 5) is **GRANTED**, and all claims against Defendant Wells Fargo, N.A. are **DISMISSED**.

6. U.S. Bank's Motion to Dismiss (DN 11) is **GRANTED**, and all claims against Defendant U.S. Bank, N.A. are **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

April 5, 2024

cc: counsel of record
Plaintiff, *pro se*

9