UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00487-GNS

JOSEPH HICKS                                                    PLAINTIFF

v.

EXPERIAN INFORMATION SOLUTIONS, INC.                            DEFENDANT

## ORDER

On June 28, 2024, the Court ordered the parties to arbitrate their dispute.  (Order, DN 54).
As requested by the Court, the parties filed status reports on February 2, 2025, which reflected that
arbitration had not been initiated.  (Def.'s Status Report, DN 60; Pl.'s Status Report, DN 61).  On
February 10, 2025, the Court issued a show cause order as to why this matter should not be
dismissed due to Plaintiff's failure to initiate and participate in arbitration.  (Order, DN 62).

Plaintiff has responded by filing motions (DN 63, 65, 66) requesting additional time to
respond to the show cause order, seeking a default judgment and filing a motion challenge this
Court's prior ruling compelling arbitration.  In another recent filing, Plaintiff asserts that he "will
not be bullied into illegal arbitration . . . ." (DN 67).  Collectively, these filings reflect that Plaintiff
has no intention of complying with the Court's order compelling arbitration.

Fed. R. Civ. P. 41(b) gives this Court the authority to *sua sponte* dismiss a case when a
"plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b);
*see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008).  This includes the
power of dismissal with prejudice.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).  As
the Supreme Court has explained, "[t]he power to invoke this sanction is necessary in order to
prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars

1

of the District Courts." *Id.* at 629-30. "[D]istrict courts possess broad discretion to sanction parties

for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile,*

*Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d

451, 453 (6th Cir. 1991)).

      In determining whether dismissal is warranted for lack of prosecution, there are four

factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether
> the adversary was prejudiced by the dismissed party's conduct; (3) whether the
> dismissed party was warned that failure to cooperate could lead to dismissal; and
> (4) whether less drastic sanctions were imposed or considered before dismissal was
> ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176

F.3d 359, 363 (6th Cir. 1999)). In this instance, the first factor is met because Plaintiff's most

recent filings reflect his willful refusal to comply the Court's order compelling arbitration. The

second factor is also satisfied because Defendant cannot be expected to defend itself from any

claim asserted in this case when Plaintiff refuses to initiate or participate in arbitration. *See White*

*v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008). This Court has

previously warned Plaintiff that his failure to cooperate could lead to the dismissal of this action,

and in light of Plaintiff's avowal that he will not participate in arbitration, there appears to be no

utility in considering or imposing lesser sanctions. As a result, all factors weigh in favor of

dismissal due to lack of prosecution under Fed. R. Civ. P. 41(b).

      It is true that trial courts "should be especially hesitant to dismiss for procedural

deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281 at *5

(quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate

when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108,

110 (6th Cir. 1991). Here, Plaintiff has refused to comply with the Court's orders and steadfastly asserts that he should be allowed to litigate his claims in this forum rather than in arbitration. In addition, Plaintiffs has filed several motions and supporting documentation to challenge the Court's decision compelling arbitration and to seek a judgment against Defendant in this forum. These actions reflect a clear pattern of delay by Plaintiff. Under these circumstances, dismissal with prejudice is appropriate.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.    Plaintiff's motions (DN 63, 65, 66) are **DENIED**.

2.    The Complaint (DN 1-2) is **DISMISSED WITH PREJUDICE**.

3.    The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge

United States District Court

March 21, 2025

cc:    counsel of record
       Plaintiff, *pro se*

3